Electronically Filed - MARION HANNIBAL - April 08, 2025 - 08:20 AM

## IN THE CIRCUIT COURT OF MARION COUNTY
## STATE OF MISSOURI

**DARIN GORDON,**                     )
                                       )
        Plaintiff,          )
     vs.                            )          Case No._____
                                       )
**CLEAN EARTH, LLC,**                  )
Serve at:                              )
Csc-Lawyers Incorporating             )
Service Company                        )
221 Bolivar St.                        )
Jefferson City, Mo 65101              )
                                       )
        Defendant.          )

## PETITION

**COMES NOW** Plaintiff, Darin Gordon, by and through counsel, and for his cause of action against Defendant, Clean Earth, LLC ("Clean Earth"), alleges and states as follows:

## STATEMENT OF JURISDICTION

1.     This claim is brought pursuant to this Court's original jurisdiction over all cases and matters, such jurisdiction granted by RSMo. § 478.070.

2.     The amount of controversy exceeds the jurisdictional minimum of this court.

3.     Venue is proper under RSMo. § 508.010 in that Plaintiff's cause of action accrued in Marion County, State of Missouri.

## PARTIES TO THE CLAIM

4.     Plaintiff, at all times material hereto, is and has been a resident of Ralls County, Missouri.

5.     Clean Earth is a Delaware Limited Liability Company in good standing and registered in the State of Missouri as a foreign limited liability company, with its principal place

Electronically Filed - MARION HANNIBAL - April 08, 2025 - 08:20 AM

of business located at 251 Little Falls Drive, Wilmington, Delaware, 19808.  The agent for service

is registered as CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City,

Missouri 65101

### ALLEGATIONS COMMON TO ALL COUNTS

6.     On or about April 11, 2020, Plaintiff was employed by Continental Cement

Company, LLC (a/k/a Summit Materials, Inc., a/k/a Green America Recycling, LLC) ("Green

America") on the property 10107 State Highway 79, Hannibal, Missouri, 63401.

7.     Green America is in the business of sustainably reusing waste material for fuel in

the cement manufacturing process.

8.     Green America's services include waste stream pre-qualification, unloading, and

processing of Resource Conservation and Recovery Act ("RCRA") hazardous and non-hazardous

solids and liquids.

9.     Green America's Facility does not accept waste material that is explosive, sensitive

to shock, or that could otherwise cause a hazardous reaction.

10.     On or about July 17, 2017, Green America and Clean Earth entered into an

agreement wherein Clean Earth would supply waste material to Green America for its use and

conversion into alternative fuel sources. See attached Exhibit 1 – Waste Services Distributor

Agreement ("The Agreement").

11.     Pursuant to Section 2 of The Agreement, Clean Earth warranted and guaranteed to

Green America that all waste material provided by or through Clean Earth would "[s]trictly

conform to any and all specifications, drawings, samples and other requirements for such waste

materials as defined in exhibits attached hereto, including the Waste Profile Survey Form." Ex. 1,

at § 2(a)(ii).

Electronically Filed - MARION HANNIBAL - April 08, 2025 - 08:20 AM

12.     Pursuant to Section 2 of The Agreement, Clean Earth further warranted and guaranteed to Green America that no waste material provided by or through Clean Earth would be explosive, sensitive to shock, or otherwise cause a hazardous reaction. Ex. 1, at § 2(a)(iii).

13.     At all times relevant herein, Clean Earth had and operated under an agreement with non-party, Ensign-Bickford Aerospace & Defense Company ("EBAD"), for Clean Earth's removal of flammable, hazardous, but non-explosive waste from EBAD's plant located at 118-198 Bickford Street, Graham, Kentucky.

14.     Upon information and belief, Clean Earth and EBAD followed a standard procedure for Clean Earth's retrieval and transportation of the waste products EBAD isolated for extraction and transportation, wherein Clean Earth and EBAD would each check the waste against a schedule of substances denominated as suitable for Clean Earth's transportation of same.

15.     Upon information and belief, Clean Earth was responsible for certification of the waste products that it transported on behalf of EBAD.

16.     On March 19, 2020, EBAD engaged Clean Earth for the removal of multiple chemical drums which were designated as "GAP Solvent Waste"

17.     Clean Earth then transported the drums from the EBAD Facility in Kentucky to the Green America facility in Hannibal, Missouri.

18.     Through the protocols of Green America, one of the 55-gallon drums delivered by Clean Earth was placed in a quad shredder on April 11, 2020.

19.     At approximately 12:44 p.m. on April 11, 2020, the 55-gallon drum exploded while in the quad shredder, causing Plaintiff to sustain bodily injuries.

20.     Following its initial investigation of the explosion incident, Green America determined that the 55-gallon drum delivered by Clean Earth contained Glycidyl Azide Polymer.

Electronically Filed - MARION HANNIBAL - April 08, 2025 - 08:20 AM

21.    Glycidyl Azide Polymer is an explosive, as confirmed by its corresponding Safety Data Sheet ("SDS").

22.    During the investigation, it was discovered that at the time of its delivery to Green America, the 55-gallon drums were mislabeled and did not contain GAP Solvent Waste.  At least one drum (i.e., the drum placed into Green America's shredder) contained Glycidyl Azide Polymer, an explosive material.

## COUNT I – NEGLIGENCE OF DEFENDANT CLEAN EARTH

**COMES NOW** Plaintiff and, for Count I of his cause of action against Defendant Clean Earth, alleges and states as follows:

23.    Plaintiff adopts and incorporates paragraphs 1-22 of this Petition as if fully set forth herein by this reference.

24.    Defendant Clean Earth owed a duty of care to Plaintiff to exercise reasonable care in the handling and delivering of waste materials.

25.    Defendant Clean Earth owed a duty of care to Plaintiff to exercise reasonable care in certifying that the waste materials that it transported and delivered were suitable for such transportation and delivery.

26.    As demonstrated by the circumstances above, Defendant Clean Earth was negligent in the following particulars:

  a.    Improperly certifying that the 55-gallon drums were suitable for transportation and delivery to Green America;

  b.    Failing to ensure that the waste materials contained within the 55-gallon drums was non-explosive;

  c.    Delivering the 55-gallon drums to Green America without appropriately

Electronically Filed - MARION HANNIBAL - April 08, 2025 - 08:20 AM

ascertaining the contents thereof;

d. Delivering explosive waste material to Green America when it knew, or should have known, that an explosion would result when Green America processed the same;

e. Improperly profiling the contents of the drums during Green America's pre-approval process;

f. Delivering four mislabeled 55-gallon drums from EBAD to Green America; and/or

g. Obscuring the labelling on the waste drums so as to conceal the fact that the drums contained explosive materials, or otherwise allowing the incorrect labels to remain on said drums when it knew, or should have known, of the dangerous contents of said drums.

27.    Defendant Clean Earth's negligence directly caused or contributed to cause Plaintiff to sustain injuries to his head, ears, neck, and shoulder.

28.    Plaintiff has suffered all of the above injuries, pain, and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling, and progressive.

29.    Due to his injuries, Plaintiff also suffered general damages in the form of pain and physical discomfort of said body parts, as well as emotional upset and non-clinical anxiety of mind.

30.    By reason of Plaintiff's injuries, he paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

31.    Plaintiff is entitled to fair and reasonable damages in excess of twenty-five

Electronically Filed - MARION HANNIBAL - April 08, 2025 - 08:20 AM

thousand dollars ($25,000.00) for the injuries sustained by him as a direct and/or contributory result of Defendant Clean Earth's negligence.

32.    Plaintiff should be awarded his court and litigation costs incurred herein and, therefore, requests an award of said costs to be paid by Defendant Clean Earth.

**WHEREFORE**, Plaintiff prays that he be awarded fair and reasonable damages in excess of twenty-five thousand dollars ($25,000.00) against Defendant Clean Earth, together with his costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ Ambry N. Emanuel
_____
Ambry N. Emanuel, #66214 (MO)
The Wilbers Law Firm, LLC
130 S. Bemiston, Suite 302
Saint Louis, MO 63105
Ph. (314) 721-3040
Fx. (314) 721-3052
filings@thewilberslawfirm.com
Attorneys for Plaintiff